1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  EMERALD SITE SERVICES, INC.,              No. 2:23-cv-02982-DJC-AC

12              Plaintiff,

13  v.                                        ORDER

14  PAPÉ MACHINERY, INC., et al.,

15

16              Defendants.

17          Plaintiff claims that they were harmed by the sale of a Hydroseeder that

18  allegedly suffered an engine failure after eight hours of use, as well as the alleged

19  failure to quickly repair or replace the engine.  This action was initially filed in 2023

20  and has proceeded on Plaintiff's First Amended Complaint ("FAC") since March 19,

21  2024.  (FAC (ECF No. 17).)  Plaintiff has now filed a Motion for Leave to File a Second

22  Amended Complaint.  (Mot. (ECF No. 17).)  Plaintiff seeks to add two new plaintiffs, a

23  new defendant, new factual allegations based on an engine failure that occurred in

24  April 2025, and two new causes of action for negligence.

25          For the reasons stated below, Plaintiff's Motion is denied.

26  ////

27  ////

28  ////

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## BACKGROUND

Plaintiff initially filed this action in late 2023 in the Sacramento County Superior Court.  (*See* ECF No. 1-1.)  Defendants later removed it to this court.  (*See* ECF No. 1.) A scheduling order was issued on February 23, 2024, wherein the Court ordered:

> No further joinder of parties or amendments to pleadings is permitted without leave of the Court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 27 604 (9th Cir. 1992).

(Scheduling Order (ECF No. 9) at 1.)  Pursuant to a stipulation of the parties, Plaintiff filed a First Amended Complaint on March 19, 2024, which has remained the operative complaint ever since.  (*See* FAC.)  Under the scheduling order, fact discovery was completed on February 7, 2025.[1]  (Scheduling Order at 3.)  Pursuant to the stipulation of the parties, expert discovery was completed on August 16, 2025. (ECF No. 15, 16.)  The dispositive motion filing deadline is set for October 3, 2025. (Scheduling Order at 4.)

Plaintiff now seeks leave to file a Second Amended Complaint ("SAC"), after the deadline for amendment has passed and discovery has closed.  The Proposed SAC would add two plaintiffs, Arctos Erosion Control, Inc. and Iron Poppy, Inc., as well as an additional defendant, Finn Corporation, Inc.  (Proposed SAC (ECF No. 17-4) ¶¶ 16, 18, 21.)  Like Plaintiff, Arctos and Iron Poppy are all entities that are "a part of the Edwards Family Companies, Inc. umbrella of companies." (*Id.* ¶ 27.)  Finn is the alleged manufacturer of the Hydroseeder at issue.  (See *id.* ¶ 15.)  The SAC also seeks to add two negligence causes of action, one against Finn and one against Defendants, as well as factual allegations related to a 2025 failure of the replacement engine that was installed in the Hydroseeder.  (*Id.* ¶¶ 53–55, 85–105.)

---

[1] The parties later stipulated to extend the close of fact discovery until June 13, 2025, for the limited purpose of conducting the deposition of a Rule 30(b)(6) witness.  (*See* ECF Nos. 15, 16.)

1    Briefing on this motion is now complete.  (John Deere Opp'n (ECF No. 18);

2    Reply (ECF No. 19); Papé Opp'n (ECF No. 20).)  This matter is taken under submission

3    pursuant to Local Rule 230(g).

4                              **LEGAL STANDARD**

5    The Scheduling Order states that no further amendment or joinder of parties

6    would be permitted "without leave of the court, good cause having been shown."

7    (Scheduling Order at 1.)  As such, the Rule 16 good cause standard applies to

8    determine whether Plaintiff should be permitted to amend their complaint.  Fed. R.

9    Civ. P. 16(b)(3)–(4).

10    Federal Rule of Civil Procedure 16(b) states that the court must issue a

11    scheduling order that limits "the time to join other parties, amend the pleadings,

12    complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3).  Once established, the

13    "schedule may be modified only for good cause and with the judge's consent."  Fed.

14    R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–

15    08 (9th Cir. 1992).

16    Rule 16(b)'s good cause standard "primarily considers the diligence of the party

17    seeking the amendment."  *Id.* at 609.  "Good cause may be found to exist where the

18    moving party shows that it diligently assisted the court with creating a workable

19    scheduling order, that it is unable to comply with the scheduling order's deadlines

20    due to matters that could not have reasonably been foreseen at the time of the

21    issuance of the scheduling order, and that it was diligent in seeking an amendment

22    once it became apparent that the party could not comply with the scheduling order."

23    *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).  "If that party

24    was not diligent, the inquiry should end."  *Johnson*, 975 F.2d at 609.

25    Rule 16(b)'s good cause standard is viewed more stringently than Rule 15.

26    *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006).  The

27    moving party cannot "appeal to the liberal amendment procedures afforded by Rule

28    15; his tardy motion [must] satisfy the more stringent 'good cause' showing required

3

1  under Rule 16." *Id.*  Only if good cause is found will the court then evaluate whether

2  the amendment is proper under Rule 15's liberal standard.  *Johnson*, 975 F.2d at 608.

3  **ANALYSIS**

4  As an initial matter, Plaintiff argues that the Court should treat Defendant Papé's

5  failure to file an opposition as non-opposition to the motion.  (Reply at 3.)  Three

6  weeks after Plaintiff filed their Reply brief, Papé filed a "Joinder in Opposition and

7  Opposition to Plaintiff's Motion for Leave to Amend." (*See* Papé Opp'n.)  Given the

8  extremely late-filed nature of this Opposition, the Court will disregard the arguments

9  raised therein.[2]  Turning to the substance of Plaintiff's Motion, Plaintiff's request is

10 most easily assessed in two parts, as their arguments for good cause differ regarding

11 the addition of Arctos and Iron Poppy as Plaintiffs and the addition of the 2025 engine

12 failure and Finn as a defendant.

13 **I.  Addition of Arctos and Iron Poppy as Plaintiffs**

14 Plaintiff seeks to add Arctos and Iron Poppy as plaintiffs.  Plaintiff states that it

15 was Iron Poppy that purchased the Hydroseeder in 2022 and Arctos that rented the

16 Hydroseeder from Iron Poppy.  (Mot. at 2.)  Plaintiff asserts that good cause exists to

17 permit the amendment on the grounds that "Plaintiff's counsel was not fully made

18 aware of the interrelation between Emerald, Arctos, and Iron Poppy until just prior to

19 the deposition of Austin Edwards, the CEO of the Edwards Family Companies, which

20 occurred after the cutoff for amending complaints outlined in the Scheduling Order."

21 (Mot. at 5.)

22 Plaintiff has displayed a clear lack of diligence as it relates to the addition of

23 Arctos and Iron Poppy.  That Counsel was unaware of their own client's close

24 relationship with other businesses connected to this lawsuit does not constitute good

25 cause.  This was information readily within Plaintiff's control.  Austin Edwards is the

26

---

27 [2] Plaintiff also filed a Motion to Strike the Opposition (ECF No. 21).  Given the Court will not consider the arguments in this Opposition and the fact that the Court denies Plaintiff's Motion to Amend, the

28 Motion to strike is moot and will be denied as such.

4

owner of both Plaintiff Emerald and Iron Poppy. (ECF No. 17-4 ¶¶ 3–4.) Similarly, Arctos is owned by Edwards' wife. (Edwards Dep. (ECF No. 18-3) at 24:7–8.) Plaintiff essentially asserts good cause exists based on the fact that Plaintiff's Counsel was unaware of the facts of their own case and learned of them from their client's owner during his deposition. Plaintiff and Plaintiff's Counsel's failure to communicate about important factual information relevant to this case does not constitute good cause. To the contrary, it constitutes a lack of diligence that warrants denial of Plaintiff's request to amend their complaint to add these entities as plaintiffs. *Johnson*, 975 F.2d at 609.

Further, this information was available to Plaintiff's Counsel at least as late as Edwards' deposition on February 19, 2025. Yet Plaintiff waited until July to request leave to amend their Complaint to reflect this information. This is especially significant given that the allegations related to Plaintiff, Iron Poppy, and Arctos in the Proposed SAC represent a substantial deviation from the factual allegations in the operative complaint. Currently, the FAC alleges that it was Plaintiff Emerald who purchased and utilized the Hydroseeder that suffered the engine failure. (FAC ¶¶ 17, 22–24.) Plaintiff's Proposed SAC now states that Iron Poppy purchased the Hydroseeder (Proposed SAC ¶ 3) and Arctos leased that Hydroseeder from Iron Poppy and was using it at the time of the engine failure (*id.* ¶¶ 5–6). Per the allegations in the SAC, Plaintiff Emerald's only involvement in the dispute is that Plaintiff was forced to return a separate Hydroseeder it had leased from Iron Poppy so that Iron Poppy could provide it to Arctos as a replacement for the damaged Hydroseeder. (*Id.* ¶¶ 5, 9.) This represents a shift in the factual allegations underlying this case, which Plaintiff has raised just a few months before the dispositive motion deadline.[3]

Plaintiff's failure to fully understand the facts of their own case from information in their own possession and the substantial delay in seeking leave to amend their

_____

[3] Plaintiff is likely correct that Defendant was aware of these facts after the Edwards deposition. However, this does not alter Plaintiff's clear lack of diligence in learning these facts from the start and failing to timely seek to amend the complaint.

1  complaint both represent a failure of diligence by Plaintiff.  As such, the court's inquiry

2  comes to an end, and Plaintiff's Motion on this basis must be denied.  *Johnson*, 975

3  F.2d at 609.

4  **II.  Addition of 2025 Engine Failure and Finn as a Defendant**

5          Plaintiff also seeks to amend their complaint to include factual allegations

6  regarding a failure of the replacement engine that occurred in April 2025, as well as to

7  add Finn Corporation, Inc. as a defendant.[4]  (Mot. at 8.)  The failure of the replacement

8  engine was new information to Plaintiff, as was the alleged source of the failure: a

9  missing bearing.  However, the failure allegedly occurred on April 9, 2025.  (ECF No.

10  17-4 ¶ 16.)  Plaintiff discovered the purported cause of the failure just a few weeks

11  later and informed Defendants that Plaintiff would need to seek leave to amend their

12  complaint.  (ECF No. 17-4 ¶ 17; *see id.*, Ex. E at 3–4 (Plaintiff's April 28, 2025, email to

13  Defendants disclosing the new engine failure and stating that Plaintiff would need to

14  add Finn as a defendant).)  Despite this, Plaintiff waited over two months – after fact

15  discovery had fully closed, the expert disclosure deadline had passed, and the

16  deadline for dispositive motions was less than a month away – to seek leave to amend

17  their complaint.  Plaintiff also did not ask the Court to shorten the time for it to hear

18  Plaintiff's Motion, instead leaving it as a regularly noticed motion on the Court's

19  September 4, 2025 calendar, after discovery in this case was scheduled to close.  This

20  is clearly indicative of a further lack of diligence by Plaintiff in seeking leave to amend

21  the complaint, especially in light of the discussion of Plaintiff's diligence in regard to

22  the addition of plaintiffs discussed above.  *Johnson*, 975 F.2d at 609.

23          Additionally, Plaintiff will not suffer any prejudice from not being permitted to

24  amend.  Plaintiff's FAC states claims against Defendants John Deere and Papé based

25  on a theory that the engine in the Hydroseeder was defective, and that Defendants

26

27  [4] It does not appear that either Defendant takes issue with Finn being added as a Defendant. (*See* John Deere Opp'n; *see also* Papé Opp'n.)  The Court addresses the addition of Finn here as it is interconnected with the 2025 engine failure and, regardless of Defendants' opposition or non-opposition, Plaintiff must still establish good cause under Rule 16.

28

6

1    unreasonably delayed in repairing the engine.  Based on the 2025 failure, Plaintiff now

2    believes that both the initial engine failure and the 2025 engine failure may have been

3    caused by Finn not installing a bearing to support the clutch shaft.  (Mot. at 6.)

4    Plaintiff's belief that a missing bearing caused the engine failures is a new theory of

5    the case.  This is not the theory underlying Plaintiff's claims as currently formulated

6    and this theory only arose after Plaintiff examined the Hydroseeder following the 2025

7    engine failure.  Given that Plaintiff asserts that the facts concerning the bearing "could

8    not have been discovered earlier[,]" nothing appears to prevent Plaintiff from filing a

9    separate action pursuing claims against Finn or the 2025 engine failure.

10          Based on Plaintiff's lack of diligence in seeking to amend, Plaintiff's request to

11    amend on this basis shall also be denied.

12    **CONCLUSION**

13          Given the above, Plaintiff has not established good cause for the Court to

14    modify the schedule and permit Plaintiff to file an amended complaint.  Plaintiff's

15    conduct shows a lack of diligence in seeking amendment.  *See Johnson*, 975 F.2d at

16    609.  As such, IT IS HEREBY ORDERED that:

17        1. Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No.

18            17) is DENIED.

19        2. Plaintiff's Motion to Strike (ECF No. 21) is DENIED AS MOOT.

20

21          IT IS SO ORDERED.

22    Dated:  __**September 4, 2025**__                        *Daniel J. Calabretta*

23                                            Hon. Daniel J. Calabretta

24                                            UNITED STATES DISTRICT JUDGE

25

26

27    DJC1 – emerald23cv02982.mta

28