UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERALD SITE SERVICES, INC.,<br>Plaintiff,<br>v.<br>PAPE MACHINERY, INC., et al.,<br>Defendants. | No. 2:23-cv-02982-DJC-AC<br><br>ORDER |

This action concerns the sale and later repair of an allegedly defective hydroseeder. Defendant Papé Machinery, Inc. and Defendant John Deere Shared Services, LLC, have separately filed Motions for Summary Judgment that are presently pending before the Court.

For the reasons stated below, Defendant Papé's Motion for Summary Judgment (ECF No. 34) is granted in part and denied as moot in part. Defendant John Deere's Motion (ECF No. 33) is also denied as moot. This matter shall be remanded to the Sacramento County Superior Court.

**BACKGROUND**

In November 2021, non-party Iron Poppy purchased a hydroseeder from non-party Finn Corporation. (John Deere's SUF (ECF No. 35) ¶ 1; Papé SUF (ECF No. 36)

¶ 1.)[1] That hydroseeder contained an engine made by Defendant John Deere Shared Services. (John Deere SUF ¶ 2; Papé SUF ¶ 2.) On October 26, 2022, the engine failed and the hydroseeder was delivered to Defendant Papé Machinery, Inc. to investigate the failure. (John Deere SUF ¶¶ 4–5; Papé SUF ¶¶ 4–5.) On February 24, 2023, the repaired hydroseeder was returned to Iron Poppy. (John Deere SUF ¶ 9; Papé SUF ¶ 9.)

Plaintiff Emerald Site Services, Inc. brought claims against Defendants John Deere and Papé based on Plaintiff's inability to utilize the hydroseeder while it was inoperable. In the First Amended Complaint ("FAC") Plaintiff specifically brings claims for breach of express warranty, negligent interference with a contract or other economic relationship, negligent misrepresentation, and unlawful, unfair, or fraudulent business practices violation of the UCL. (FAC (ECF No. 12) at 7–13.) Summary Judgment briefing is complete. (John Deere Mot. (ECF No. 33); Pl.'s Opp'n to John Deere Mot. (ECF No. 35); John Deere Reply (ECF No. 37); Papé Mot. (ECF No. 34); Pl.'s Opp'n to Papé Mot. (ECF No. 36); Papé Reply (ECF No. 38).) On March 19, 2026, the Court held oral argument, at the conclusion of which the Court ordered supplemental briefing regarding whether the Court lacks Article III standing and, if it does, whether the Court should remand or dismiss the action. (ECF No. 39.) The parties have now provided that additional briefing and the matter is submitted. (Emerald Suppl. (ECF No. 40); Papé Suppl. (ECF No. 41); John Deere Suppl. (ECF No. 42).)

## DISCUSSION

Ultimately, the Court does not reach the parties' arguments on the merits of the claims. Defendant Papé argues Plaintiff does not have Article III standing to sue

[1] For simplicity, citations to the Statements of Undisputed Facts ("SUF") of the parties are to the version of that document containing Plaintiff's responses. Unless otherwise noted, such citations are to facts for which no material dispute has been raised.

Defendants on the basis that Plaintiff has not established an injury-in-fact.[2] (Papé Mot. at 4.) This issue of standing ultimately resolves this action in its entirety. As such, the Court only addresses the issue of standing here.

The "irreducible constitutional minimum of standing" contains three elements: (1) injury-in-fact; (2) causation; and (3) redressability. *Newdow v. Lefevre*, 598 F.3d 638, 642 (9th Cir. 2010) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). In order to have injury-in-fact, the plaintiff must have suffered an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical[.]'" *Lujan*, 504 U.S. at 560 (citations omitted). For the causation element to be satisfied the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* at 560–61 (cleaned up).

Defendant Papé's argument that Plaintiff lacks standing is straightforward.[3] In Defendant's view, Plaintiff cannot state any injury because Plaintiff did not own the hydroseeder or "have a possessory right to the equipment at the time it broke down in October, 2022." (Papé Mot. at 4.) Plaintiff does not directly address this argument in its Opposition to Defendant Papé's Motion and instead only addresses whether Plaintiff has standing with regard to the UCL. (*See* Pl.'s Opp'n to Papé Mot.)

The Court finds that Plaintiff does not have Article III standing to pursue this action, though on the basis of the causation element, not injury-in-fact. The undisputed evidence establishes that Plaintiff was not the purchaser or owner of the

[2] Defendant John Deere also raises arguments related to standing but does not address Article III standing. (*See, e.g.*, John Deere Mot. at 3–5.) As such, the Court does not address the parties' discussion of these arguments.

[3] In their supplemental briefing, Defendant John Deere Shared Services, LLC argued that they did not argue that the Court lacked standing and instead contend that the record is insufficiently clear to find a lack of causation. (John Deere Suppl. at 2–3.) The Court has an independent duty to ensure it has subject matter jurisdiction over the matters before it. Defendant Papé's motion raises this issue as well but, to the extent Defendants did not intend to raise this issue, for the reasons discussed below, the Court must nevertheless remand based on the lack of jurisdiction.

hydroseeder at any point. (Papé SUF ¶¶ 1, 11; *see* FAC, Ex. 1A (ECF No. 12-1); *see also* Hart Dep. 25:18–25, 27:2–10.) Plaintiff also was not leasing the hydroseeder at the time it became inoperable. (Edwards Dep. 45:9–46:23.) Instead, Plaintiff's claim is predicated on its inability to lease the hydroseeder from third-party Iron Poppy during the then upcoming 2022-2023 hydroseeding season so as to complete contracts Plaintiff had signed with clients.

While Plaintiff does assert an injury in its inability to perform hydroseeding during the 2022-2023 season, this asserted injury lacks a sufficient causal connection to the challenged actions of the Defendants. Plaintiff had no ownership of the hydroseeder at the time and was not leasing the hydroseeder. Austin Edwards, owner of Iron Poppy and Plaintiff Emerald, testified that Iron Poppy owned multiple hydroseeders, any one of which could have ultimately been leased to Plaintiff.[4] (Edwards Dep. at 54:12–55:3, 56:7–11.) The causal link between the injury alleged and the challenged action of the Defendants is tenuous and broken by too many hypothetical links. *Nat'l Audubon Soc., Inc. v. Davis*, 307 F.3d 835, 849 (9th Cir. 2002). Plaintiff claims it intended to lease a hydroseeder from Iron Poppy for the 2022-2023 season. But whether Plaintiff would have leased any hydroseeder – and perhaps more important, whether Plaintiff would have leased the specific hydroseeder at issue here – is entirely hypothetical. This chain is also broken by the actions of third-party Iron Poppy in deciding not to lease one of the other hydroseeders in their possession to Plaintiff. Plaintiff's injury is thus not traceable to Defendants' actions.

As the causation element is not satisfied, Plaintiff does not have Article III standing and the Court must remand this action to the state Court. *See Kay v. Plaid Pantry, Inc.*, 768 F. Supp. 3d 1150, 1158 (D. Or. 2025); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

---

[4] The exact number is not clearly in the record but is somewhere between four and nine, as Iron Poppy purchased four hydroseeders and Edwards also testified that combined Iron Poppy and Emerald own nine hydroseeders. (Edwards Dep. at 54:12–55:3, 56:7–11.)

jurisdiction, the case shall be remanded."). In filing supplemental briefing, Plaintiff also states that it "does not oppose remand to state court[.]" (Emerald Suppl. at 1.)

**REMAND IS APPROPRIATE**

The Court concludes that remand is the appropriate remedy here. Defendants argue that the Court should instead dismiss this action, as remand would be futile as described by *Polo v. Innoventions International, LLC*, 833 F.3d 1193 (9th Cir. 2016) and *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991). (Papé Suppl. at 2–3; John Deere Suppl. at 3.) The thrust of Defendants' argument is that Plaintiff would also lack standing in California state court. However, the Court cannot say with absolute certainty that Plaintiff would lack standing such that remand would be futile. The causation issue that strips the Court of jurisdiction here is specific to federal law on standing. But that Article III of the U.S. Constitution requires dismissal does not mean California law would so clearly require the same result that remand is futile. Defendant Papé cites briefly to California Code of Civil Procedure Section 367 and *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919 (2016), to argue that Plaintiff will lack standing in California court "for the precise reasons already determined by the court; its injury was not caused by the Defendants, and the party who may have been injured is not before the court." (Papé Suppl. at 3.) But section 367 creates a limitation on the ability of plaintiffs "[to] pursu[e] claims they themselves do not own." *Limon v. Circle K Stores Inc.*, 84 Cal. App. 5th 671, 691 (2022) (citing *Yvanova*, 62 Cal. 4th at 936). "Code of Civil Procedure, section 367 merely requires, in most instances, that the person who brings the claim in a California court must be the person who actually owns the claim." *Id.* at 691–92. Here, Plaintiff presents claims based on the personal harms it allegedly suffered as a result of Defendant's actions. Plaintiff is not seeking to assert claims owned by another party. Thus, section 367 is not clearly implicated here such that remand is futile. As such, the Court will remand this action to state court.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Papé's Motion for Summary Judgment (ECF No. 34) is GRANTED IN PART as to the issue of standing.
2. The remainder of Defendant Papé's Motion (ECF No. 34) and Defendant John Deere's Motion for Summary Judgment (ECF No. 33) are DENIED AS MOOT.
3. The Clerk of the Court is directed to remand this action to the Sacramento County Superior Court.

IT IS SO ORDERED.

Dated: **July 29, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE